```
                    UNITED STATES BANKRUPTCY COURT
                    FOR THE SOUTHERN DISTRICT OF IOWA


IN RE:

LAWRENCE A. TESCH, JR.                              Chapter 7
and GLORIA J. TESCH

      Debtors.                              Bankruptcy No. 05-00729

PATRICIA GREENE

      Plaintiff

vs.                                         Adversary No. 05-30077-wle

LAWRENCE A. TESCH, JR.

      Defendant.
```

### DECISION RE: DISCHARGEABILITY

Patricia Greene asks the court to determine that her claim against Lawrence A. Tesch, Jr., the debtor, arising out of their divorce decree be excepted from Tesch's discharge. Trial was held May 24, 2006 in Council Bluffs. Bradford Davis appeared as attorney for Patricia Greene. Tesch appeared on his own behalf. This is a core proceeding under 28 U.S.C. § 157(b)(2)(I).

Tesch and Greene were married in 1986. The marriage was dissolved by a decree of the District Court of Douglas County, Nebraska, on July 14, 1998 (exhibit A). Greene was awarded custody of the couple's two minor children. Tesch was ordered to pay child support in the amount of $600.00 per month.

The decree awarded the couple's home, located at 3830 Grover Street, Omaha, to Greene. As part of the property settlement contained in the decree, Tesch was to be responsible for paying a portion on the second mortgage on the homestead, then held by

Amerus Bank.  At the time of the entry of the decree, Tesch's portion of the second mortgage obligation was $7,724.00 (id.). Greene was required to pay $21,476.49 of the second mortgage debt.  Tesch's portion amounted to 26 per cent.  Greene was to be responsible for the entire amount of the first mortgage debt against the home.

On June 14, 2000, the Decree was modified (exhibit B).  As part of the modification, Tesch was ordered to refinance the Amerus Bank debt, which by the date of the modification had been transferred to Commercial Federal Bank (id.).  There is no evidence the debt was refinanced by Tesch.  As of November 2, 2005, Tesch was obligated to Greene to pay Commercial Federal $5,468.96 (exhibit 1).  His obligation to Commercial Federal Bank has been discharged in Tesch's bankruptcy case.  Commercial Federal Bank has told Tesch that it intends collection attempts from Greene.

Greene remarried.  Tesch gave up his parental rights to his children, and they were adopted by Greene's husband.  Tesch was no longer obligated to pay child support after the adoption.

Tesch remarried in 1999.  Gloria, his spouse, is 54 years old.  She does not work, and Tesch does not believe she is able to work because of various health problems.  He says she plans to file for disability benefits (presumably from the Social Security Administration), but at present he is her sold support.  Tesch and his wife have no children from their marriage.  Gloria has an adult daughter and perhaps a son.

Tesch and his spouse filed their chapter 7 petition on February 14, 2005.  Discharge was entered May 24, 2005.

On February 27, 2006, Tesch and his spouse filed amended schedules I and J.  These were admitted into evidence as part of exhibit 4.  Also part of exhibit 4 is a payment record for Tesch from his employer, the City of Omaha.  Tesch is a landscape gardener at a city-owned golf course.  He earns $16.89 per hour.  During the golf season, which runs from May through October, overtime is available, but not guaranteed.  Tesch says there now is less overtime than there used to be because of the city's use of temporary, seasonal employees.  In 2005, Tesch earned about $1,200.00 in take-home pay from overtime.  He is paid an overtime rate of one and one-half times his regular rate.

Tesch's payment record for the period ending February 11, 2006 shows net pay of $1,028.78.  This was for 80 hours, including hours for work, sick leave and holiday.  Total gross pay for the period was $1,377.83.  This appears equivalent to $17.22 per hour if he is paid what is described as a "LONGVTY" payment of $26.62 each month.  Tesch is paid every two weeks.  His periodic pay, without overtime, but including the "LONGVTY" payment is equivalent to $2,229.02 per month ($1,028.78 x 26 ÷ 12).  Without the "LONGVTY" payment it is equivalent to approximately $2,171.34 per month, without considering any tax consequences of the "LONGVTY" payment.

On his amended schedule J (exhibit 4), Tesch lists the following monthly expenses:

3

| | |
|---|---:|
| Rent | $ 650.00 |
| Electricity and heating | 227.00 |
| Water and sewer | 40.00 |
| Telephone | 57.00 |
| Cable TV | 36.00 |
| Home maintenance | 35.00 |
| Food | 200.00 |
| Laundry and dry cleaning | 132.00 |
| Medical and dental | 100.00 |
| Transportation | 100.00 |
| Recreation | 38.00 |
| Charitable contributions | 12.00 |
| Pay apartment for stepdaughter | 30.00 |
| Back taxes, Iowa | 100.00 |
| Installment payments to Alegent Health and Great Plains ($1,100) | 100.00 |
| Storage shed payment | 70.00 |
| Long distance phone for stepdaughter | 20.00 |
| Misc. - toiletries | 20.00 |
| Total | $1,967.00 |

Tesch testified that the back tax payments to Iowa (Department of Revenue and Finance) will likely continue indefinitely even after the present underlying debt of $1,500.00 is paid. That amount is for tax years 2005 and 2006, but the taxes imposed by Iowa are based on his income in Nebraska. He says he will continue to owe such income taxes each year.

Tesch no longer needs the storage shed where he and his wife were storing personal items, but he says they recently moved, and the rent at his new home is $712.00 per month, an increase over the old location of $62.00 per month. Another change in his circumstances is that his employer will soon begin deducting $25.00 per paycheck for health insurance. This equals $54.16 per month. I will treat this as an expense rather than a deduction from income. If it is the latter and if it is deducted pre-tax from Tesch's paycheck, I do not think the tax effect is

4

significant.  Also, Tesch's stepdaughter no longer lives at the apartment at which he was helping her pay rent.  She now lives with a brother.

I calculate Tesch's monthly take-home pay, on average, to be approximately $2,233.00.  I arrive at this by ignoring the "LONGVTY" payment, and estimating monthly take-home pay at $2,171.34 ($1,028.78 - $26.62 = $1,002.16 x 26 = $26,056.16 ÷ by 12 = $2,171.34).  I add a component of overtime.  I estimate that even with less overtime than in the past, Tesch will likely earn $1,000.00 in overtime take-home pay now and in future years.  He takes home approximately 74 per cent of his gross pay.  I estimate monthly take-home overtime at $61.66 (.74 x $1,000.00 ÷ by 12).

I make the following adjustments to his expenses.  He is not obligated to pay rent or phone expenses for his adult stepdaughter and such payments will not be considered as dependent expenses.  This is a deduction of $50.00 per month.  I will add to his expenses $54.16 per month for health insurance.  I will deduct $8.00 per month as the net savings on the storage shed.  I calculate Tesch's adjusted monthly expenses as $1,963.16.

Tesch's excess income over expenses each month, on average, is $269.84.  The monthly payment on his obligation to Greene to pay part of the remaining second mortgage debt to Commercial Federal Bank is $98.00.

Greene has proved by a preponderance of the evidence that

Tesch's debt to her is owed by a former spouse, that it arises under a divorce decree entered by a court of record, and that it is not alimony or support under 11 U.S.C. § 523(a)(5). I conclude that Tesch's obligation to Greene to pay his portion of the Commercial Federal Bank mortgage debt, as provided by the decree, is presumptively non-dischargeable under 11 U.S.C. § 523(a)(15).

Tesch argues that the debt should be discharged under the limitations to non-dischargeability provided in 11 U.S.C. § 523(a)(15)(A) or (B). Tesch says that he is not able to pay the debt (§ 523(a)(15)(A)) and also that discharging the debt would result in a benefit to him that outweighs the detrimental consequences to his former spouse and her children by him (§ 523(a)(15)(B)).

Tesch has failed to prove either exception. As to the balancing of benefits and detriments, Tesch introduced no evidence as to Greene's financial circumstances. He only surmised that both Greene and her spouse are employed, while he is the sole provider in his home. As to his inability to pay under 11 U.S.C. § 523(a)(15)(A), he failed to prove by a preponderance of the evidence that he could not pay the debt at the rate of $98.00 per month from his available income after subtracting reasonably necessary expenses for himself and his spouse. I calculate his available income to be approximately $269.00 per month. To satisfy the obligation to his former spouse regarding the Commercial Federal Bank loan, he is required

to pay $98.00 per month.  He has failed to prove an inability to pay.

     IT IS ORDERED that judgment shall enter that the obligation of Lawrence A. Tesch, Jr. to Patricia Greene to pay Commercial Federal Bank the balance of the debt assigned to him in the couple's dissolution decree is excepted from Tesch's discharge under 11 U.S.C. § 523(a)(15).

     DATED AND ENTERED  May 30, 2006

                                            William L. Edmonds, Bankruptcy Judge